IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

WAYNE L. BRISCOE            )
                            )
    *Plaintiff,*         )
                            )
v                           )   Case No. 10-2488-EFM
                            )
KANSAS SECRETARY OF STATE,  )
and KANSAS STATE OBJECTIONS )
    BOARD,              )
                            )
    *Defendants.*       )

MEMORANDUM AND ORDER

Plaintiff has sued the Kansas Secretary of State and the Kansas State Objections Board for failing to place his name on the ballot for the November election. Plaintiff has filed a "Motion to Expedite" (Doc 6) and a Motion for Preliminary Injunction and Temporary Restraining Order" (Doc. 7). Plaintiff expressed concern that ballots for the November election will be prepared soon, and absent an order that his name be included on those ballots, he will access to any effective remedy should he later prevail in his claims. The Court understands Plaintiff's urgency.

A temporary restraining order or preliminary injunction is an "extraordinary remedy" and therefore the right to it must be "clear and unequivocal."[1] To obtain injunctive relief, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the

---

[1] *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

-1-

injunction may cause to the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[2]  Injunctions which are mandatory as opposed to prohibitory, that is, that disturb the status quo by requiring rather than preventing action, and injunctions that afford the movant substantially all of the relief they may recover following a determination on the merits, are particularly disfavored.[3]

Having reviewed the pleadings on this matter, the Court does not find that a hearing on the motion is required.  The Court cannot conclude that Plaintiff has, or can, demonstrate a likelihood of success on the merits, nor that the injunction would not adversely affect the public interest in orderly elections.  Therefore, the Court denies Plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. 7).  Accordingly, Plaintiff's motion to expedite (Doc. 6) is also denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for Preliminary Injunction (Doc. 7) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite (Doc. 6) is DENIED.

**IT IS SO ORDERED**.

Dated this 16th day of September, 2010.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT COURT JUDGE

---

[2]*Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008).

[3]*O Centro Espirta Beneficiente Unaio Do Vegetal v Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004).