# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WAYNE L. BRISCOE,

    *Plaintiff*,

vs.

KANSAS SECRETARY OF STATE, CHRIS BIGGS, KANSAS STATE ATTORNEY GENERAL, STEVE SIX, AND KANSAS STATE LIEUTENANT GOVERNOR, TROY FINDLEY,

    *Defendant*s.

Case No. 10-2488-EFM

## MEMORANDUM AND ORDER

This case arises out of the Kansas Secretary of State's refusal to grant Plaintiff access to the November 2, 2010, General Election Ballot. Believing that he was wrongfully denied such access, Plaintiff, proceeding pro se, filed the present action, seeking both the issuance of a writ of mandamus and monetary damages against the defendants. Currently before the Court are the following three motions: (1) Plaintiff's Motion for Summary Judgment (Doc. 8); (2) Defendants' Motion to Dismiss (Doc. 16); and (3) Plaintiff's Second Motion for a Preliminary Injunction (Doc. 23). For the reasons stated below, the Court dismisses this action.

# I. BACKGROUND

Seeking access to the November 2, 2010, General Election Ballot, Plaintiff, a candidate for the Third Congressional District of Kansas, filed an independent candidate petition containing 7,839 signatures with the Kansas Secretary of State's Elections and Legislative Matters Office on August 2, 2010, which was the last day for filing such a petition. Eighteen days later, Plaintiff received a letter from the Secretary of State notifying him that his name would not be on the ballot because he had failed to submit a petition that contained at least 5,000 valid signatures, the number required by statute.[1] According to the Secretary of State, Plaintiff failed to meet the statutory requirement, despite the fact he submitted a petition that contained a number of signatures well in excess of 5,000, because over 3,700 of Plaintiff's signatures were invalid, as they were added to the petition on a date beyond the date that the petition circulator signed an affidavit stating that he or she had personally witnessed the signing of the petition by each person whose name appears thereon.[2] Attempting to cure the identified problem, Plaintiff submitted freshly dated affidavits stating that the petition circulator had witnessed the signing of the petition by each person whose name appears on it. Plaintiff's effort was to no avail.

A few days after receiving the notification letter, Plaintiff filed an objection with the Secretary of State. On August 27, the Kansas State Objections Board, which was comprised of Chris Biggs, then the Kansas Secretary of State, Steve Six, then the Kansas Attorney General, and Troy Findley, then the Kansas State Lieutenant Governor, entertained Plaintiff's objection. At the hearing, Plaintiff made two arguments: first, that the Secretary of State had not provided adequate

---

[1] *See* K.S.A. 25-303(b).

[2] *See* K.S.A. 25-303(e) (declaring that each petition shall contain "a verification, signed by the circulator, to the effect that such circulator personally witnessed the signing of the petition by each person whose name appears thereon").

notice that the circulator's affidavit had to be signed on a date subsequent to the date that the signors' signatures were added to the petition, thus, the requirement could not be used to keep Plaintiff off the ballot,[3] and second, that the Secretary of State's failure to render a decision regarding the validity of Plaintiff's petition within ten days of the filing of his petition meant that the Secretary had waived any objection that he had to his petition.[4] After hearing Plaintiff's argument and testimony from both Plaintiff and members of the Elections and Legislative Matters Office, the Board unanimously denied Plaintiff's objection.

On September 7, 2010, Plaintiff filed the present action, suing Chris Biggs in his official capacity and the Kansas Objections Board. In his complaint, Plaintiff states that he is seeking two forms of relief: first, a writ of mandamus ordering the Secretary of State to afford him access to the November 2, 2010, General Election Ballot, and second, actual damages in the amount $23,517 and punitive damages in the amount of $601,015. On September 13, Plaintiff filed a motion to expedite the case, a motion for a preliminary injunction, and a motion for summary judgment. On September 16, the Court denied Plaintiff's first two motions. Following the Court's issuance of its September 16 order, Defendant filed a motion to dismiss and Plaintiff filed a second motion seeking a preliminary injunction. The general election was held on November 2, 2010.

---

[3] According to Plaintiff, this is not the first time that this requirement has kept an independent candidate from gaining access to the General Election Ballot.

[4] *See* K.S.A. 25-208a(b) (stating that "[w]ithin 10 days, Saturdays, Sundays, and holidays not included, from the date of the filing of nomination petitions or a declaration of intention to become a candidate for United States senator or representative or for state office, the secretary of state shall determine the validity of such petitions or declaration").

## II. Legal Standards

**Rule 12(b)(1) Standard**

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[5] "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' "[6] Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[7] Mere allegations of jurisdiction are not enough.[8]

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[9] The law imposes a presumption against jurisdiction, and plaintiff bears the burden of showing that jurisdiction is proper.[10]

**Rule 12(b)(6) Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "[11] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is

---

[5] 28 U.S.C. § 1331.

[6] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[7] *United States v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[8] *Id.* at 798.

[9] *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007).

[10] *See, e.g., Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

[11] *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[12] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[13]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[14] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[15] Allegations that merely state legal conclusions, however, need not be accepted as true.[16]

**Pro Se Standard**

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[17] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[18] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[19]

---

[12] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[13] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[14] *Iqbal*, 129 S. Ct. at 1950.

[15] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[16] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18] *Id.*

[19] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

# III. ANALYSIS

In their motion to dismiss, Defendants first argue that Plaintiff's case should be dismissed because the Court lacks subject-matter jurisdiction to hear it, as Plaintiff's action is moot and Plaintiff is seeking monetary damages against Defendants in their official capacity, which the Eleventh Amendment prohibits. Defendants' first argument is partially correct.[20] To the extent Plaintiff is requesting injunctive relief and mandamus, i.e., an order from this Court compelling the Secretary of State to grant Plaintiff access to the November 2 General Election Ballot, his request is moot because the November 2 election has already occurred.[21]

While it is true that under the "capable of repetition, yet evading review" exception the Court may entertain an action despite the fact it is moot, this exception does not apply in this case. To apply, the following two requirements must be met: (1) "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again."[22] Here, because it is not reasonably likely that Plaintiff will be left off of future ballots because his petition

---

[20]Plaintiff argues in his briefing that the issue of whether this Court has jurisdiction to try his case is moot because the Court has already accepted motions and entered orders. The Court disagrees, as it is under a continuing obligation to consider its jurisdiction to hear a matter. *See, e.g., Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). As a consequence, the Court will address the jurisdictional issues raised by Defendants.

[21]*See Seider v. Hutchison*, 296 F. App'x 517, 518 (6th Cir. 2008); *Loeber v. Spargo*, 144 F. App'x 168, 169-70 (2d Cir. 2005); *see also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (internal citations and quotation marks omitted)); *Pederson v. La. State Univ.*, 213 F.3d 858, 874 (5th Cir. 2000) ("As is so often the case in suits for injunctive relief brought by students, graduation or impending graduation renders their claims for injunctive relief moot.").

[22]*Lane v. Simon*, 495 F.3d 1182, 1187 (10th Cir. 2007) (internal quotation marks and alterations omitted).

circulators will make the mistake of signing their affidavit before collecting all of their signatures, the second requirement is not satisfied. As a result, the Court lacks subject-matter jurisdiction over the portion of Plaintiff's case seeking injunctive relief and mandamus.[23]

The mootness doctrine, however, has no effect on the Court's ability to entertain Plaintiff's damage claims.[24] The Eleventh Amendment does, though. Under the Eleventh Amendment, federal courts lack jurisdiction over claims seeking monetary damages against a state employee in his official capacity.[25] Therefore, to the extent Plaintiff seeks damages against any of the defendants in their official capacity, he is barred by the Eleventh Amendment.

Stripping from Plaintiff's complaint his claims seeking equitable relief and monetary damages against Defendants in their official capacity, all that is left is Plaintiff's claim for monetary damages against Defendants in their individual capacity. Defendants have not asserted, and the Court has not discovered, a reason for finding that the Court lacks jurisdiction to entertain this claim. As a result, the Court will move on to Defendants' argument for why this claim should be dismissed under Rule 12(b)(6).

Defendants contend that Plaintiff's claim fails because they were acting in a quasi-judicial capacity, and, as a consequence, are immune from damages. The Court agrees. "[I]t is well established that members of administrative boards who perform judicial functions are immune from

---

[23] *See, e.g., Rio Grande Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).

[24] *See, e.g., Lippoldt v. Cole*, 468 F.3d 1204, 1217 (10th Cir. 2006) ("By definition claims for past damages cannot be deemed moot." (internal quotation marks and alteration omitted)). It appears that Plaintiff has withdrawn his request for monetary damages. *See* Doc. 24, p.1. Out of abundance of caution, though, the Court will address the viability of Plaintiff's damage claims.

[25] *See, e.g., Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

damages in a 42 U.S.C. § 1983 action when acting in their judicial capacities."[26]  In order for officials on an administrative board to be protected by such immunity, three things must be true: "(a) the officials' functions must be similar to those involved in the judicial process, (b) the officials' actions must be likely to result in damages lawsuits by disappointed parties, and (c) there must exist sufficient safeguards in the regulatory framework to control unconstitutional conduct."[27]  In this case, Plaintiff has not argued that these requirements are not met.  Upon reviewing the applicable case law and statutes and the factual allegations contained in Plaintiff's complaint, the Court concludes that the Board members should be protected by absolute immunity.[28]  Accordingly, Defendants, in their individual capacity, are immune from Plaintiff's damage claim.

In sum, the Court finds that Plaintiff has failed to assert a claim that either the Court has subject-matter jurisdiction over or is not substantively flawed.  As a consequence, Defendant's motion to dismiss should be granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 16) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 8) is hereby DENIED AS MOOT.

---

[26]*Vakas v. Rodriquez*, 728 F.2d 1293, 1296 (10th Cir.), *cert. denied*, 469 U.S. 981 (1984).

[27]*See Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006) (quoting *Horwitz v. State Bd. of Med. Examiners*, 822 F.2d 1508, 1513 (10th Cir. 1987)).

[28]*See, e.g., Miller v. Clark*, 62 Kan. 278, 62 P. 664, 667 (1900) (stating that "[i]t may be conceded that [the Objections Board] is endowed with quasi judicial power" and that "if the action of the officers specially designated to pass on the merits of [a ballot] controversy was induced by bad faith, or was the result of arbitrary acts showing wrongful conduct amounting to fraud, or their findings resulted in personal benefit to themselves, equity would [] interpose to prevent a candidate from being thus wronged"); *Hiett v. Brier*, 2 Kan. App. 2d 610, 612-13, 586 P.2d 55, 58-59 (1978) (same).

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for a Preliminary Injunction (Doc. 23) is hereby DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated this 27th day of April, 2011.

                                            ERIC F. MELGREN
                                            UNITED STATES DISTRICT JUDGE